UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GWENDOLYN REDFIELD MITCHELL,

                Plaintiff,

v.                                                          Case No. 5:08-cv-516-Oc-GRJ

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                Defendant.
_____/

## ORDER

Plaintiff appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for a period of disability, disability insurance benefits and supplemental security income payments. (Doc. 1.) The Commissioner has answered (Doc. 12), and both parties have filed briefs outlining their respective positions. (Docs. 24 & 25.) For the reasons discussed below, the Commissioner's decision is due to be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

On December 17, 2004, Plaintiff filed applications for disability benefits under Titles II and XVI, alleging a disability onset date of April 1, 2003. (R. 58-62, 377-80.) Plaintiff's applications were denied initially and upon reconsideration. (R. 45-49, 55-57, 375-76, 381-87.) Thereafter, Plaintiff timely pursued her administrative remedies available before the Commissioner, and requested a hearing before an Administrative Law Judge ("ALJ"). (R. 41.) On April 24, 2007, ALJ Robert E. Thorne conducted

Plaintiff's administrative hearing. (R. 390-439.) On September 26, 2007, the ALJ issued a decision unfavorable to Plaintiff. (R. 16-29.) Plaintiff's request for review of the hearing decision was denied by the Appeals Council. (R. 5-8.) Plaintiff then appealed the decision to this Court. (Doc. 1.)

## II. **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[1] Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[2]

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[3] The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[4] However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient

---

[1] See 42 U.S.C. § 405(g).

[2] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); accord, Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[3] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[4] Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

reasoning to determine that the Commissioner properly applied the law.[5] The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months.[6] The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy.[7]

The ALJ must follow five steps in evaluating a claim of disability.[8] First, if a claimant is working at a substantial gainful activity, she is not disabled.[9] Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.[10] Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.[11] Fourth, if a claimant's impairments do not prevent her from doing past

---

[5] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

[6] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.

[7] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[8] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[9] 20 C.F.R. § 404.1520(b).

[10] 20 C.F.R. § 404.1520(c).

[11] 20 C.F.R. § 404.1520(d).

relevant work, she is not disabled.[12] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.[13]

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.[14] The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy.[15] The Commissioner may satisfy this burden by pointing to the grids for a conclusive determination that a claimant is disabled or not disabled.[16]

However, the ALJ should not exclusively rely on the grids when the claimant has a non-exertional impairment which significantly limits his or her basic work skills or when the claimant cannot perform a full range of employment at the appropriate level of exertion.[17] In a situation where both exertional and non-exertional impairments are

---

[12] 20 C.F.R. § 404.1520(e).

[13] 20 C.F.R. § 404.1520(f).

[14] Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987). *See Also* Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

[15] Doughty at 1278 n.2 ("In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.") (*internal citations omitted*).

[16] Walker at 1002 ("[T]he grids may come into play once the burden has shifted to the Commissioner to show that the claimant can perform other work.")

[17] Phillips v. Barnhart, 357 F. 3d 1232, 1243 (11th Cir. 2004); Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Walker at 1003 ("the grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation").

found, the ALJ is obligated to make specific findings as to whether they preclude a wide range of employment.[18]

The ALJ may use the grids as a framework to evaluate vocational factors so long as he introduces independent evidence of the existence of jobs in the national economy that the claimant can perform.[19] Such independent evidence may be introduced by a vocational expert's testimony, but this is not the exclusive means of introducing such evidence.[20] Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he or she is not capable of performing the "other work" as set forth by the Commissioner.[21]

### III. SUMMARY OF THE RECORD EVIDENCE

At the time of the hearing, Plaintiff was fifty-three (53) years old. (R. 53.) She graduated from high school and obtained a two-year degree in computer programming. (R. 396.) At the hearing, Plaintiff requested a closed period of disability beginning on April 1, 2003 and ending October 24, 2005 (R. 18, 436-37.) Plaintiff has work experience as a customer service representative and telemarketer. (R. 95-102, 139-48, 431.)

In his review of the record, including Plaintiff's testimony and the medical records from numerous health care providers, the ALJ determined that Plaintiff suffered from degenerative disc disease of the lumbar spine with mild spinal stenosis at L5-S1;

---

[18] Walker at 1003.

[19] Wolfe at 1077-78.

[20] See id.

[21] See Doughty at 1278 n.2.

degenerative dis disease of the cervical spine with mild spinal stenosis at C4-5; and right shoulder strain with tendinopathy of the supraspinatus tendon. (R. 19-21.) The ALJ then determined that Plaintiff did not have an impairment or combination of impairments which met or medically equaled one of the impairments listed in Appendix 1, Subpart P of Social Security Regulation No. 4. (R. 21.)

At step four of the sequential evaluation the ALJ found that Plaintiff retained the RFC to perform a modified but substantial range of light work activity and that Plaintiff could perform her past relevant work as a telemarketer. (R. 28-29.) As such, the ALJ found that Plaintiff was not disabled. (R. 29.)

## IV. **DISCUSSION**

Plaintiff's only argument on appeal is that the ALJ erred in finding that Plaintiff could perform her past relevant work as a telemarketer. After assessing Plaintiff's RFC – which Plaintiff does not challenge – the ALJ had to determine at step four if Plaintiff could perform her past relevant work.

Plaintiff does not argue that she has limitations that preclude her from working as a telemarketer. Instead, Plaintiff contends that as a matter of law her work as a telemarketer does not constitute "past" relevant work for the closed period of alleged disability between April 1, 2003 and October 24, 2005 because she had not yet started working as a telemarketer during the closed period of disability. While there may some superficial appeal to Plaintiff's argument, the argument is contrary to the regulations and the Commissioner's rulings. Pursuant to 20 C.F. R. § 404.1560(b)(1) "[p]ast relevant work is work that [the claimant] has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." As the

6

ALJ correctly noted in his decision, the regulations and the Social Security Rulings provide that the relevant 15-year period for adjudicatory purposes is 15 years prior to the date of adjudication at the initial, reconsidered or higher appellate level.[22]

While the Court has not found any Eleventh Circuit cases addressing the issue of whether work performed after a closed period of disability may be considered past relevant work at least two federal district courts have considered this identical issue and concluded that past relevant work includes any work performed in the 15 years prior to adjudication, including work performed after a closed period of disability. Naegele v. Barnhart, 433 F. Supp. 2d 319, 325-26 (W.D. N.Y. 2006); Spencer v. Astrue, 2009 WL 800211 *10 (D. Idaho 2009)(relying upon Naegele). In Naegele the claimant there argued that a part-time receptionist job she began working the day after her closed period of disability cannot constitute past relevant work because it was not work before she claimed disability. While noting that "there is a certain logic to the plaintiff's argument about what is 'past' relevant work" the Naegele court, nonetheless, rejected the claimant's position because the argument is contrary to the regulations and the Social Security Rulings. Id. at 325. Consistent with the regulations and consistent with the view of the Court in Naegele the Court finds that past relevant work may include work performed after a closed period of disability so long as the work was performed within the fifteen years before the adjudication of the claim for disability. This conclusion makes practical sense. If the point of the evaluation process for Social Security disability

---

[22] R. 29; see, 20 CFR §§404.1565, 416.965; and SSR 82-62 at http://www.socialsecurity.gov/OP_Home/rulings/di/02/SSR82-62-di-02.html, 1982 WL 31386, *2. ("When deciding whether a claimant is disabled under title II or title XVI, the 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level.")

is to determine whether a claimant can work at some job - whether her prior job or a job that exists in significant numbers in the national economy at Plaintiff's given residual functional capacity - a job that Plaintiff actually performed would be highly probative of the issue of whether she can do that job taking into account Plaintiff's RFC.

In this case the ALJ's September 26, 2007 hearing decision is the date of adjudication and, thus, the relevant 15-year period for determining past relevant work runs from 1992 through 2007. Plaintiff completed a work background form stating that she worked full time for Macy's, Federated Association Credit Services, as a telemarketer from October 25, 2005 through May 2006. (R. 139, 407-08.) Plaintiff further testified that after taking four or five months off, she returned to work full-time as a telemarketer at Hancock's, where she worked from September 2006 through April 2007. (R. 406-07.) Accordingly, Plaintiff's work as a telemarketer is within the 15-year period established by the regulations and therefore would constitute "past relevant work."

In addition to correctly using Plaintiff's work as a telemarketer as past relevant work, the ALJ's evaluation of whether Plaintiff could perform her past relevant work was based upon substantial evidence, including the testimony of a VE. The ALJ asked the VE to consider an individual of Plaintiff's age, education, and prior work experience, with the RFC for light work with limitations that include occasional climbing of ramps, stairs, ladders, ropes, or scaffolds, and occasional reaching with the right arm. (R. 433.) The VE testified that Plaintiff could perform her past relevant work as a telemarketer; and that a sit/stand option would not affect her ability to perform that work. (R. 433-34). The ALJ correctly concluded that this work does not require the performance of work-related

activities precluded by Plaintiff's RFC. (R. 28.) Accordingly, in the absence of any challenge to the ALJ's RFC determination or to the hypothetical posed to the VE, there was no error in the ALJ's finding that Plaintiff could perform her past relevant work as a telemarketer.

Even if the Court, however, was to determine that the telemarketing position should not have been included as past relevant work, the ALJ still did not commit error in finding that Plaintiff was not disabled because the VE identified other jobs that exist in the national and regional economies, including information clerk and surveillance monitor, that Plaintiff could perform. (R. 434-35.) As such, Plaintiff would have been considered not disabled even if the job of telemarketer was not included as past relevant work since Plaintiff never suggested that she could not perform the jobs identified by the VE.

## V. **CONCLUSION**

In view of the foregoing, the decision of the Commissioner is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter final judgment consistent with this Order and to close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on February 8, 2010.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel